**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

| | |
|---|---|
| **MARK H. CONNER** | **Sussex County Courthouse** |
| **JUDGE** | **1 The Circle, Suite 2** |
| | **Georgetown, DE 19947** |

February 6, 2024

| | |
|---|---|
| Geoffrey G. Grivner, Esq. | Wilson A. Gualpa, Esq. |
| Kody M. Sparks, Esq. | Joshua H. Meyeroff, Esq. |
| Buchanan, Ingersoll & Rooney, P.C. | Morris James LLP |
| 500 Delaware Avenue, | 500 Delaware Avenue, |
| Suite 720 | Suite 1500 |
| Wilmington, DE 19801 | Wilmington, DE 19899 |
| *Attorneys for Defendants.* | *Attorneys for Plaintiffs.* |

      RE: Donald Vaughan, Jr., Individually and as Personal Representative of the Estate of Jannis D. Vaughan v. Genesis Healthcare, Inc.

      C.A. No. S22C-07-005 MHC

Dear Counsel,

      Before the Court is the Defendant's Renewed Motion to Dismiss Plaintiff's Amended Complaint. The Court is in receipt of all filings from both parties. After consideration of the parties' briefings and all relevant case law this Court has determined that the Defendant is not entitled to dismissal; therefore, Defendant's Motion is **DENIED**.

As defense counsel is well aware, "[r]ecent decisions of this Court make it clear that while the PREP Act does provide immunity from suit to covered persons from losses related to the administration of covered countermeasures, it does not insulate all covered persons from suit merely because they administered covered countermeasures."[1] The PREP Act does not "provide blanket immunity to a covered person (e.g., a facility) merely on account of that entity's having used or administered covered countermeasures in order to prevent the spread of COVID-19. The plaintiff's claim of injury must have some 'causal relationship' to the use or administration of a covered countermeasure in order to trigger immunity."[2]

In the present matter Plaintiff alleges that Defendant was careless and negligent in its treatment of the decedent. While it may be true that the PREP Act is not *per se* inapplicable whenever a complaint's allegations are characterized as involving negligent infectious disease protocols, this Court has found that the PREP Act does not insulate defendants from garden variety negligence claims such as those alleged in Plaintiff's Amended Complaint. It is patently obvious under the recent decisions made by this Court, several of which defense counsel has been a party to,

---

[1] *Moore v. Genesis Healthcare, Inc.*, Del. Super., C.A. No. S21C-12-018 MHC, Conner, J. (Dec. 28, 2023) (Letter Op.).
[2] *Santo v. Genesis Healthcare, Inc.*, 2023 WL 3493880 (Del. Super. Ct. May 16, 2023).

that PREP Act immunity does not insulate Defendants based on Plaintiff's allegations in the Amended Complaint.

## CONCLUSION

For the foregoing reasons Defendants have failed to avail themselves of PREP Act immunity.  Further, Plaintiff has sufficiently alleged facts to support a viable cause of action pursuant to Delaware Superior Court Civil Rule 9(b).  Defendants' Motion to Dismiss Plaintiff's Amended Complaint is **DENIED.**

Sincerely,

/s/ *Mark H. Conner*

Mark H. Conner
Judge

CC: Prothonotary

3